| | |
|---|---|
| Terrence Bernard Hutchins, #10377-017, | ) C/A No. 8:12-436-GRA-JDA |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) REPORT AND |
| | ) RECOMMENDATION |
| Mildred L. Rivera, Warden, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

Petitioner, a federal inmate housed at Federal Correctional Institution-Estill, has

submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Proceeding

*pro se*, Petitioner seeks a reduction in his sentence imposed by the United States District

Court for the Southern District of Florida. Pursuant to the provisions of 28 U.S.C.

§ 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) (DSC), this matter is before the assigned

United States Magistrate Judge for initial screening. Having reviewed the petition and

applicable law, the undersigned recommends that the petition be summarily dismissed.

## *Pro Se* Habeas Review

Under established local procedure in this judicial district, a careful review has been

made of the *pro se* petition filed in the above-captioned case. The review was conducted

pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act

of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Ashcroft*

*v. Iqbal*, 556 U.S. 662 (2009), *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v.*

*Williams*, 490 U.S. 319 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), *Nasim v. Warden,*

*Maryland House of Corrections*, 64 F.3d 951 (4th Cir. 1995) (en banc), and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

When a federal court is evaluating a *pro se* petition, the petitioner's factual allegations are assumed to be true. *See Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Thus, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Furthermore, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled

to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). But even under this less stringent standard, it plainly appears from the instant petition that this Court lacks jurisdiction to hear Petitioner's case. Accordingly, the petition submitted in this case should be summarily dismissed.

Background

According to Petitioner (*see generally* ECF No. 1-1), he went to trial on, and was found guilty of, a charge of conspiracy to possess with intent to distribute detectable amounts of cocaine and cocaine base. He received a sentence of life imprisonment with ten years of supervised release. The Government filed a notice of enhanced penalties pursuant to 21 U.S.C. § 851, notifying Petitioner that he was subject to an enhanced minimum penalty because he had a prior felony conviction in Florida state court for possession of cocaine, for which he received "a non-state prison sanction and a $265.00 court cost." (ECF No. 1-1 at 4.) Thus under § 851, Petitioner would be subject to a mandatory minimum sentence of twenty years, if convicted of the Count One in his indictment. Petitioner's ultimate term of imprisonment was based upon a pre-sentence investigation report which included a § 851 enhancement for Petitioner's prior state conviction, with additional assessments for Petitioner's role in the conspiracy (U.S.S.G. § 3B1.1) and his possession of a dangerous weapon (U.S.S.G. § 2D1.1).

The court affirmed Petitioner's conviction upon direct appeal. *United States v. Hutchins*, 181 F.3d 107 (11th Cir. 1999) (Table). In 2001, Petitioner filed a motion to

vacate, set aside or correct his sentence under 28 U.S.C. § 2255, which the court denied (*see* ECF No. 1-1 at 2); there is no indication that Petitioner appealed this denial.

Discussion

The petition presents the threshold question of whether Petitioner properly raises his claims in this Court pursuant to 28 U.S.C. § 2241. Seeking judicial review under § 2241 in the district of confinement is reserved for attacks against "the computation and execution of the sentence rather than the sentence itself." *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989). A motion under 28 U.S.C. § 2255 is utilized to attack a sentence as it was imposed, rather than as the sentence is being executed. *United States v. Snow*, 748 F.2d 928, 934 (4th Cir. 1984) (quoting *Freeman v. United States*, 254 F.2d 352, 353-54 (D.C. Cir. 1958)). As Petitioner is attacking the validity of his 360-month sentence, his claim would usually be brought under § 2255 in the sentencing court. *See United States v. Poole*, 531 F.3d 263, 270 (4th Cir. 2008).

Section 2255 does contain a savings clause which permits a district court to consider a § 2241 petition challenging the validity of a prisoner's detention when a § 2255 petition is "inadequate or ineffective" to test the legality of his detention. *Rice v. Rivera*, 617 F.3d 802 (4th Cir. 2010). But the Fourth Circuit Court of Appeals has held,

> It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions. Nevertheless, there must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless.

*In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted). In the Fourth Circuit, the savings clause may be invoked when:

(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id.* at 333-34. Thus, the savings clause is not available to a petitioner merely because his prior § 2255 motion was unsuccessful, *see id.* at 333, or because he is unable to meet the requirements to file a successive § 2255 motion, *see San-Miguel v. Dove*, 291 F.3d 257, 261 n.2 (4th Cir. 2002).

In this case, Petitioner argues that the savings clause allows him to bring his claim within a § 2241 petition before this Court, but the undersigned disagrees. Petitioner does not allege that the substantive law changed such that the conduct of which Petitioner was convicted in federal court is now deemed not to be criminal. Instead, Petitioner argues first that "the Sentencing Commission erroneously enhanced his sentence to <u>life</u> imprisonment which is beyond the prescribed sentence directed by Congress in 28 USC § 994(b)(1)-(b)(2)." (ECF No. 1-1 at 8.) He adds that, because the power to impose the enhanced sentence is vested in the prosecutor, a representative of the Executive branch of the Government, the sentencing judge exceeded his power in imposing a sentence beyond that recommended by the prosecutor. (*Id.* at 8-9.) Aside from the questionable merit of Petitioner's argument, he does not explain how it meets the *Jones* criteria and, thus, it cannot be heard in a § 2241 petition.

Petitioner additionally contends that a recent Supreme Court decision, *Carachuri–Rosendo v. Holder*, __ U.S. __, 130 S. Ct. 2577 (2010), invalidates his classification as a career offender. Specifically, Petitioner believes *Carachuri* held that it

is unconstitutional to use a prior drug conviction to enhance a later sentence when the sentence served for the predicate offense is less than one year. Because the imposition of his present sentence was based on a prior conviction for which he was not imprisoned for more than a year, Petitioner asserts the Supreme Court has rendered his sentence unconstitutional.

Thus, Petitioner appears to allege that the "savings clause" should be invoked because he is "actually innocent" of a sentence enhancement. However, the Fourth Circuit has not yet extended the reach of the savings clause to petitions which challenge only a sentence. *Poole*, 531 F.3d at 267 n.7. Accordingly, Petitioner's action, seeking a determination that he is actually innocent of a sentence enhancement, fails to state a cognizable § 2241 claim. *See United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes"). Moreover, the Supreme Court has not held that the holding in *Carachuri-Rosendo* is to be applied retroactively to cases on collateral review.

Petitioner also relies on the holding of our Court of Appeals in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), which overruled *United States v. Harp*, 406 F.3d 242, 246 (4th Cir. 2005). In overruling *Harp*, the Fourth Circuit Court of Appeals held in *Simmons* that, under North Carolina's statutory sentencing scheme, a defendant is convicted of a crime punishable by more than one year only if an offender with the same prior record level and convicted of similar aggravating factors could have received a sentence exceeding one year.

*Simmons*, however, was a direct appeal, not a collateral attack, and the Court of Appeals has not held that its holding is to be applied retroactively. In the absence of a clear determination by the appellate court that *Simmons* should apply retroactively to persons whose convictions were final before *Simmons* was decided, this Court cannot say that Petitioner is entitled to rely on it in any event. *See Schriro v. Summerlin*, 542 U.S. 348, 358 (2004) (holding that new rules of criminal procedure do not apply retroactively to cases already final on direct review); *Teague v. Lane*, 489 U.S. 288, 310 (1989) ("[N]ew constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced.").

Since Petitioner has not shown that a motion filed pursuant to § 2255 is inadequate or ineffective to test the legality of his sentence thereby allowing him to file a § 2241 petition, and has not shown that the cases he cites for authority have been made retroactive to cases on collateral review, this matter should be dismissed.

<u>Recommendation</u>

Accordingly, it is recommended that the petition in the above-captioned case be dismissed without prejudice.

Jacquelyn D. Austin
United States Magistrate Judge

April 13, 2012
Greenville, South Carolina

**Petitioner's attention is directed to the important notice on the next page.**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).